PITTEL et al. v. FIDELITY MUT. LIFE ASS'N OF PHILADELPHIA et al.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1898.)

No. 584.

1. INSURANCE POLICY—LEGAL REPRESENTATIVES.
"Legal representatives" in a policy of insurance ordinarily means executors or administrators when not qualified by the context, but it may be shown to mean next of kin or successors or assigns.

2. RES JUDICATA—PLEA.
Where a plea gives the parties to a former suit in the same court, refers to all the documents, pleadings, and judgment, and makes them a part of the plea "as though fully and in detail set out herein," as the court takes judicial knowledge of its own records, this is sufficient in a plea of res adjudicata.

3. SAME—ACTION ON INSURANCE POLICY.
A policy in favor of the insured's legal representatives was assigned by him, and after his death the assignee sued thereon. The insured's administrator intervened in the suit, and claimed the fund. Held, that he was the representative of the wife and child of the insured, so that a judgment in favor of the company was conclusive upon them.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

"The plaintiffs in error, Caroline H. Pittel and her daughter, Mary Karowski, joined by her husband, Herman Karowski, on March 6, 1896, instituted suit in the district court of Galveston county, Tex., against the Fidelity Mutual Life Association of Philadelphia and Albert Behrends, to recover the sum of $5,000, claimed to be due and payable to plaintiffs under a certain certificate of membership in said association, issued by said association to Edward Pittel, the husband of Caroline Pittel, and father of Mary Karowski, the plaintiffs." "Plaintiffs' petition alleges that the defendant is a mutual life association for the benefit of its members, and insures their lives upon the assessment plan, as known to such associations; that on or about October 22, 1891, Edward Pittel became and was admitted a member of said association for the term of 10 years; that for a valuable consideration, required to be paid for a certificate of membership, said association issued to Edward Pittel a certificate of membership, and therein undertook and promised to pay to the legal representatives of Edward Pittel, upon proof of his death, the sum of $5,000; that Edward Pittel died September 17, 1894; that proof of the death of Edward Pittel has been made; and that, though the money due has been demanded, the association has failed and refused to pay it." "The plaintiffs allege that they are the beneficiaries designated in said certificate or policy of insurance, and are in law and of right entitled to the money due and payable under said policy; that Edward Pittel, without any right or authority in law, assigned and transferred said policy of insurance to Albert Behrends, one of the defendants; that Albert Behrends wrongfully and illegally holds said policy, and is seeking to recover said insurance fund from said association." Plaintiffs pray judgment against the association for $5,000, and that the assignment of this policy to Albert Behrends be canceled and held for naught.

The cause was removed to the circuit court of the United States for the Eastern district of Texas, at Galveston, upon the petition of the defendant association. On October 19, 1896, the defendant association filed a general demurrer and the following pleas: "And, for special answer, this defendant says that there has been rendered in this court a final judgment, and, to the suit in which said judgment was rendered, all of the parties hereto were parties, and in which suit the same identical issue as is raised in this cause, to wit, the right of Herman D.

Karowski, as administrator, and the right of Caroline H. Pittel and her daughter, Mary Karowski, as heirs of Edward Pittel, deceased, and to recover the amount of the policy in this cause sued on from this defendant, was tried, determined, and adjudicated; that the very issue proposed to be tried in this case was tried and determined in the cause referred to; and that all the parties to this suit were parties to the suit referred to, and to the said suit, viz. the suit of A. Behrends vs. The Fidelity Mutual Life Association, of Philadelphia, Pa., numbered C. L. 1786, on the docket of this court, and all the documents, pleadings and the judgment thereto, reference is here now made, and they are prayed to be taken as part of this plea as though fully and in detail set out herein. And the defendant now pleads the matters here in controversy, as between the parties of this cause, are res adjudicata." "And, for further and special answer in this behalf, this defendant says that the policy issued, if any was ever issued, was payable to the legal representatives of said Edward Pittel, deceased, and that there was on the ——— day of ——— appointed by the probate court of Galveston county, Texas (a court then having jurisdiction of the matter), an administrator of the estate of Edward Pittel, deceased, to wit, Herman D. Karowski; that said Herman D. Karowski, as his administrator, and standing for and representing the heirs and creditors of said Edward Pittel, deceased, did, by intervention, become a party to the suit referred to in the paragraph hereof next preceding; and that Herman D. Karowski stood and was the legal representative of Edward Pittel, deceased, and was and is the only person in whom the rights could vest to have and maintain an action in said policy." The plea of "res adjudicata" was by the parties submitted, and the court sustained the same, and dismissed the suit. This ruling the plaintiff below assigned as error, and brought the case here.

L. E. Trezevant, for plaintiff in error.

Thos. J. Ballinger, for defendant in error.

Before PARDEE, Circuit Judge, and SWAYNE, District Judge.

SWAYNE, District Judge (after stating the facts). It is contended on the part of the plaintiff in error that this plea of "res adjudicata" did not in proper terms allege that the former cause went to judgment upon the same issue, and was between the same parties. We think it does not require a careful inspection of the plea to prove this objection bad. It clearly shows that in the former suit the administrator of Edward Pittel was a party, and refers to and adopts all the documents, pleadings, and judgment in the former case as a part of this plea. The cause went to trial thereon without any objection on the part of the plaintiffs below to this form of pleading. It is a well-established doctrine that the court will take judicial knowledge of its own records, especially when they are referred to and made part of a plea as fully as those set out herein. A vital question in this case upon the record is whether Behrends et al., as assignee, or Karowski, as administrator of Edward Pittel, could recover on the policy. If either of these could recover in a good cause of action, then the plaintiff in error would be concluded by a judgment rendered in the cause in which either the assignee or the administrator were parties.

The petition in the present case alleges that the policy was payable to "legal representatives" of Edward Pittel, and the contention is made by the plaintiffs in error that the words "legal representatives" do not mean executors, administrators, or assigns, but only heirs or next of kin, and that the proceeds of the policy are not to be administered on as assets by the executor or administrator. "Legal representatives" ordinarily means executors or administrators when not in any way qualified by the context; but it may be shown to mean next

of kin, or successors or assigns, as was the case in some of the causes cited. In one case it appeared by the application for insurance, which by the terms of the policy was made part of it, the insured stated that he desired the money paid in case of his death to his "legal heirs," "wife if living," and, at the end, said that the policy was taken for his "legal representatives." The court adds that, "notwithstanding the loose, inaccurate, and apparently contradictory use of the terms in the application and policy, we are satisfied that the heirs (including the widow) of the deceased are the beneficiaries of the policy, and that the words 'legal representatives,' as therein used, must be construed as meaning heirs or next of kin, and not executors or administrators." We not only have nothing in the record to require the court to depart from the usual construction of the language used, but the insured himself, in his life, stamped upon the contract his understanding of its import, by assigning it to Behrends. Clearly, Behrends, as assignee, had a right of action, and might have recovered on a valid policy. Herman Karowski, as administrator of Pittel, could intervene, as he did, to have his rights tested; and, when judgment was entered against him in cause No. 1,768, it was upon the same issues, in the same cause, and between the same parties; for, as such administrator of Edward Pittel, he was the representative of Caroline H. Pittel, the surviving wife of Edward Pittel, deceased, and Mary Karowski, the daughter and only child of said Edward Pittel and Caroline H. Pittel, and wife of Herman D. Karowski. At the same time, in the same cause of action, and before the same court from which this appeal was taken, judgment was given against him and those whom he represented; and the effort here being made to get another trial of the same matters between the same parties must be refused. Judgment is therefore affirmed.

McCORMICK, Circuit Judge, being recused in the case, took no part in its determination.